UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LONNIE D. JOHNSON , | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:10 CV 83 RWS |
| v. | ) |
| | ) |
| BLACK GOLD FARMS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is currently before me on Plaintiff's Motion in Limine [#39]. In his Motion, Johnson seeks to exclude any reference to his criminal record. I heard oral argument on this issue at the pretrial hearing held on January 23, 2012 and for the reasons stated below, I will grant Plaintiff's Motion in Limine.

Plaintiff has been convicted of the following crimes: driving under the influence (May 23, 2001); possession of drug paraphernalia (May 23, 2002); possession with intent to distribute (Class "C" felony; January 22, 2003); unlawful use of a weapon (Class "D" felony, March 3, 2004); driving while revoked (September 26, 2007); and driving while revoked (April 23, 2008).

At the pretrial conference I ruled that the probative value of admitting Plaintiff's misdemeanors is substantially outweighed by their prejudicial effect. I also took under advisement whether the Plaintiff's two felony convictions were admissible for impeachment purposes under Federal Rule of Evidence § 609.

Defendant argues that Plaintiff's felony convictions may be used to impeach his testimony under Federal Rule of Evidence § 609 because they are probative on his damages

claim for diminished career potential and lost future wages and are probative on Plaintiff's damages claim for emotional pain, suffering, and mental distress as a result of his termination.

A witness's character for truthfulness may be attacked by evidence of a criminal conviction for a crime that was punishable by imprisonment for more than one year, subject to Rule 403, in a civil case in which the witness is not a defendant. FED. R. EVID. 609(a)(1)(A). Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Here, Plaintiff has been convicted of two felonies: possession with intent to distribute and unlawful use of a weapon. Defendant argues these felonies are probative on two issues: Plaintiff's claim for future lost wages and diminished career potential and Plaintiff's claim for emotional pain, suffering and mental distress as a result of his termination. Both of these issues were discussed at the pretrial conference. First, Plaintiff has clearly indicated that he is not seeking damages for future lost wages or diminished career potential. As a result, his felony convictions are not probative on that matter.

Second, as discussed at the pretrial conference, Plaintiff's claim for mental distress is very limited. Plaintiff does not have a medical expert that will testify as to any effect Plaintiff's termination had on his mental state and Plaintiff is limited to testifying about how he felt when he was fired. Defendant essentially argues that a person convicted of two felonies would be less distressed by being terminated than a person who does not have two felony convictions. Plaintiff's felony convictions are not for crimes of moral turpitude and do not concern Plaintiff

making a false statement.[1]  Given the very limited nature of Plaintiff's damages claim for emotional distress, when applying Rule 403's balancing test, I find that the minimal probative value of Plaintiff's felony convictions as to the degree of emotional distress Plaintiff experience upon being terminated is substantially outweighed by the prejudicial effect of admitting the convictions.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's Motion in Limine [#39] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2012.

---

[1] Defendant does not assert the felony convictions are admissible under Rule 609(a)(2).